IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               Criminal Action No. 5:04CR9-16
                                                  (STAMP)

JOE MORGAN,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DIRECTING THE CLERK TO FILE DEFENDANT'S LETTER AS A
PETITION FOR EXPUNGEMENT OF FEDERAL CONVICTION AND
DENYING PETITION FOR EXPUNGEMENT OF FEDERAL CONVICTION**

I. Procedural History

In August 2004, the pro se[1] defendant Joe Morgan pleaded guilty to one count of use of a communication facility to distribute cocaine in violation of 21 U.S.C. § 843(b). ECF No. 372. The defendant was sentenced to a term of 48 months incarceration, followed by one year of supervised release. At the defendant's sentencing hearing for his conviction in this Court, the defendant was adjudged under the United States Sentencing Guidelines as having a criminal history category of III based on four criminal history points.

---

[1] Pro se – "One who represents oneself in a court proceeding without the assistance of a lawyer." Black's Law Dictionary 1416 (10th ed. 2014). This Court notes that the defendant was represented in the underlying criminal action but has filed the petition for expungement to this Court pro se.

II. <u>Facts</u>

The defendant has mailed a letter to this Court asking that this Court expunge his federal criminal conviction. The defendant's letter was dated November 15, 2017 and received on November 17, 2017. In his letter, the defendant states that he wishes to have his federal criminal conviction expunged in order to pursue a career that would require that the defendant not have a criminal background. The defendant conveys to this Court that he accepts responsibility for what he did and has since changed his life. He states that he not only obtained his GED, but also has been employed as a heavy equipment operator for Murray Energy Corporation for the past six years. Further, he has since had three children and become engaged. He also states that he has not violated any other laws since 2004. He states that because he has turned his life around and paid his debt to society, and in order to reach his full potential, the defendant believes that his criminal record should be expunged.

The Court believes that based on the content of the defendant's letter, that letter should be treated as a petition to expunge a federal criminal conviction. Thus, this Court now performs an analysis under that belief and finds, based on the following, that this Court lacks jurisdiction to hear the defendant's petition.

### III. Applicable Law

Federal courts are courts of limited jurisdiction, and can only exercise the authority conferred by the Constitution or by statute. Additionally, although 18 U.S.C. § 3231 provides "district courts with original jurisdiction 'of all offenses against the laws of the United States,' a district court's jurisdiction under this statutory provision ends once the judgment of conviction is entered." United States v. Mitchell, 683 F. Supp. 2d 427, 432 (E.D. Va. 2010); 18 U.S.C. § 3231. Thus, no federal statute or regulation generally provides for expungement of a federal offense. Stoute v. United States, CIV.A. RDB-11-1220, 2011 WL 2037672 (D. Md. May 24, 2011).

Further, federal jurisdiction "is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Consequently, a district court must have ancillary jurisdiction to complete the expungement of a federal offense where "there is no explicit constitutional or statutory grant of jurisdiction." United States v. Mitchell, 683 F. Supp. 2d 427, 433 (E.D. Va. 2010).

### IV. Discussion

The defendant states that he is seeking expungement of his federal criminal conviction. The defendant argues that expungement is warranted because of his positive actions and decisions since his conviction, and in order to move forward in his career. Based

on the following analysis, however, this Court finds that the petition for expungement of his federal conviction should be denied because this Court lacks jurisdiction to review the matter.

A.  *Kokkonen* and Ancillary Jurisdiction

The concepts and boundaries of ancillary jurisdiction were explained in the United States Supreme Court's analysis in <u>Kokkonen v. Guardian Life Insurance</u>, 511 U.S. 375 (1994). Ancillary jurisdiction, or as it is sometimes called, "ancillary enforcement jurisdiction," is the concept under which federal courts maintain jurisdiction over related proceedings that are technically separate from the claims or causes of action in the initial case that invoked federal subject matter jurisdiction. <u>Kokkonen</u>, 511 U.S. at 378-89.

Significantly, the Supreme Court held that ancillary jurisdiction may be asserted for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." <u>Id.</u> at 379-380 (citations omitted). Thus, in the dispute that arose in <u>Kokkonen</u> over the enforcement of the terms of a settlement agreement, the Supreme Court found that it did not have ancillary jurisdiction because that dispute did not fall within the two purposes listed above. <u>Id.</u> at 381-82. Similarly, as discussed

more fully below, because the expungement of a conviction does not fall within an area of statutory or constitutional jurisdiction or within the two purposes provided for under ancillary jurisdiction, this Court may not exercise its limited jurisdiction.

B.  <u>Expungement of a Federal Conviction</u>

The defendant states in his letter that he is requesting to have his record expunged. To reiterate, in order for this Court to grant expungement of the defendant's federal conviction, it must have ancillary jurisdiction.

The Supreme Court has not directly addressed whether federal courts have jurisdiction to expunge criminal convictions solely for equitable reasons. Importantly for this case, the United States Court of Appeals for the Fourth Circuit held in <u>Allen v. Webster</u> that when considering whether or not expungement should be granted on equitable grounds:

> courts must be cognizant that the power to expunge "is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." <u>United States v. Linn</u>, 513 F.2d 925, 927 (10th Cir.), <u>cert. denied</u>, 423 U.S. 836, 96 S. Ct. 63, 46 L. Ed. 2d 55 (1975). Such extreme circumstances have been found and records ordered to be expunged where procedures of mass arrests rendered judicial determination of probable cause impossible, <u>Sullivan v. Murphy</u>, 156 U.S.App.D.C. 28, 478 F.2d 938 (1973); where the court determined the sole purpose of the arrests was to harass civil rights workers, <u>United States v. McLeod</u>, 385 F.2d 734 (5th Cir. 1967); where the police misused the police records to the detriment of the defendant, <u>Wheeler v. Goodman</u>, 306 F. Supp. 58 (W.D.N.C. 1969); or where the arrest was proper but was based on a statute later declared unconstitutional, <u>Kowall v. United States</u>, 53 F.R.D. 211 (W.D. Mich. 1971). <u>Id.</u> at 539–540.

5

Webster, 742 F.2d at 155.

Some district courts within the Fourth Circuit, in contrast, have held that Webster is not applicable to expungement cases in which the defendant is seeking expungement of a federal conviction. For instance, in United States v. Mitchell, 683 F. Supp. 2d 427 (E.D. Va. 2010), the court held that because (1) Webster came after Kokkonen and (2) Webster dealt with a criminal conviction that was later acquitted, it is not applicable to cases that take place after Kokkonen and deal with criminal convictions that have not been acquitted. Mitchell, 683 F. Supp. 2d at 430. Other Fourth Circuit district courts have adopted the reasoning of Mitchell. United States v. Harris, 847 F. Supp. 2d 828, 833 (D. Md. 2012); Sambou v. United States, 2010 WL 3363034 (E.D.N.C. Aug. 24, 2010).

This Court finds that the reasoning in Mitchell is sound and should be applied to this case. Webster did not address the issue of ancillary jurisdiction. Further, Webster predated Kokkonen and thus did not discuss the implications of that pronounced ancillary jurisdiction standard. Moreover, that case involved a criminal case in which the defendant had been acquitted. Those facts make Webster wholly distinguishable from the case at hand, where a convicted defendant seeks expungement that can only be given if this Court has ancillary jurisdiction. Further, as the court in Mitchell discussed, an expungement of conviction petition does not fall within the two purposes set forth in Kokkonen.

First, the defendant's expungement petition is not interdependent with the defendant's criminal convictions under 18 U.S.C. § 3231. The underlying conviction is "wholly separate and distinct from the equitable circumstances that defendant contends justify the expungement of his conviction." Mitchell, 683 F. Supp. 2d at 433. Second, the expungement of a criminal conviction does not "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen, 511 U.S. at 379-80. Congress recognized a "compelling public need" to retain criminal records when it authorized the Department of Justice to acquire and preserve such records. United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977); 28 U.S.C. § 534(a) (authorizing the United States Attorney General to collect and exchange criminal records). The retention of criminal records is essential for an effective criminal identification system, as well as for purposes of punishment and deterrence. Id. Further, as the court noted in Mitchell:

> a conclusion that federal courts have ancillary jurisdiction to expunge criminal convictions for equitable reasons would allow district courts across the country to develop possibly inconsistent equitable standards for ordering expungement. This in turn might result in the expungement of criminal records in some districts and the denial of expungement in other districts, leading to an impairment of the reliability and integrity of federal criminal conviction records.

Mitchell, 683 F. Supp. 2d at 433.

This Court, therefore, does not have ancillary jurisdiction to review the defendant's petition for expungement of his federal criminal conviction. Thus, this Court does not have the authority to grant his petition for expungement and must deny it.[2] [3]

---

[2] The <u>United States Attorneys' Manual</u> explains the role of a pardon attorney as follows: The Pardon Attorney, under the direction of the Deputy Attorney General, receives and reviews all petitions for Executive Clemency (which includes pardon after completion of sentence, commutation of sentence, remission of fine and reprieve), initiates and directs the necessary investigations, and prepares a report and recommendation for submission to the President in every case. In addition, the Office of the Pardon Attorney acts as a liaison with the public during the pendency of a clemency petition, responding to correspondence and answering inquiries about clemency cases and issues. 1-2.110, Online Offices of the United States Attorneys (last visited January 31, 2018). The defendant is hereby informed that if he wishes to pursue a presidential pardon he should visit the "Office of the Pardon Attorney" web page at http://www.justice.gov/pardon/ for more information. This Court would caution the defendant, however, that this does not mean that such a claim has merit procedurally or substantively.

[3] The <u>United States Attorneys' Manual</u> explains the role of a pardon attorney as follows: The Pardon Attorney, under the direction of the Deputy Attorney General, receives and reviews all petitions for Executive Clemency (which includes pardon after completion of sentence, commutation of sentence, remission of fine and reprieve), initiates and directs the necessary investigations, and prepares a report and recommendation for submission to the President in every case. In addition, the Office of the Pardon Attorney acts as a liaison with the public during the pendency of a clemency petition, responding to correspondence and answering inquiries about clemency cases and issues. 1-2.110, Online Offices of the United States Attorneys (last visited January 31, 2018). The defendant is hereby informed that if he wishes to pursue a presidential pardon he should visit the "Office of the Pardon Attorney" web page at http://www.justice.gov/pardon/ for more information. This Court would caution the defendant, however, that this does not mean that such a claim has merit procedurally or substantively.

## V. Conclusion

Accordingly, although the Court applauds the defendant's achievements, under Kokkonen it lacks jurisdiction to grant the relief he seeks. Accordingly, the defendant's petition for expungement of his federal criminal conviction is DENIED. Further, the Clerk is DIRECTED to file the defendant's letter dated November 17, 2017, as a petition for expungement of a federal conviction.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail, to counsel of record herein, and to the United States Probation office.

DATED: April 5, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE